**IT IS ORDERED as set forth below:**

**Date: December 7, 2016**

**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-57694-WLH |
| | : | |
| | : | CHAPTER 13 |
| ZVI KURTZMAN, | : | |
| | : | |
| | : | |
| DEBTOR. | : | |

## ORDER AFTER HEARING

The above-captioned case came before the Court on December 2, 2016 for a hearing on the Chapter 13 Trustee's ("Trustee") objections regarding venue in the Northern District of Georgia and Debtor's eligibility to be a debtor in Chapter 13. John Brookhuis was present at the hearing for the Debtor and Ryan Williams appeared on behalf of the Chapter 13 Trustee. Additionally, Brian Jordan was present for creditors U.S. Bank N.A. and Nationstar Mortgage LLC, and Taylor Mansell was present for creditor Nationstar Mortgage LLC.

At the beginning of the hearing, Trustee's counsel announced he would not pursue the objection to venue. Accordingly, the only remaining objection to be resolved was whether Debtor is eligible for relief under Chapter 13. At the conclusion of the hearing, the Court issued

an oral ruling holding Debtor to be ineligible for relief under Chapter 13. The Court incorporates that ruling herein.

Eligibility of a debtor in a Chapter 13 case is governed by Section 109(e) of the Bankruptcy Code, which states in relevant part:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200…may be a debtor under chapter 13 of [Title 11].

11 U.S.C. § 109(e). The parties do not dispute that Debtor is an individual with regular income; the only dispute is whether Debtor's debts exceed the limits provided in the statute.

Trustee's eligibility objection stems from the secured claims filed in Debtor's case. Four secured claims have been filed in Debtor's case, totalling $3,462,366.18. These include the claims of creditors HSBC Bank USA, N.A. ("HSBC"), which filed a secured claim of $1,763,825.60 ("HSBC Claim"), and Bank of America, N.A. ("Bank of America"), which filed a secured claim of $506,842.65 ("Bank of America Claim"). Both the HSBC Claim and the Bank of America Claim are secured by Debtor's Georgia real property. In addition to those claims, the Internal Revenue Service filed a secured claim in the amount of $149,723.29, and U.S. Bank, N.A. filed a secured claim in the amount of $741,974.64, secured by real property located in California. The claims of the Internal Revenue Service and U.S. Bank, N.A., which together total $891,697.93, are not disputed by Debtor.

Debtor does not dispute that the claims of HSBC and Bank of America are noncontingent because all events leading to the claims arose prepetition. See In re Leggett, 335 B.R. 227, 229 (Bankr. N.D. Ga. 2005). The Court concluded the HSBC Claim and the Bank of America Claim are not unliquidated because the amount due can be readily calculated from the loan agreements that are the basis of each claim. Id. ("A debt is liquidated if its amount is certain due to

agreement of the parties….”). Debtor, however, disputes the validity of both the HSBC Claim and the Bank of America Claim. Debtor argued at the hearing that HSBC is not the holder of the claim and that he is not liable for the HSBC Claim because the note has been paid through various transfers between financial institutions. Debtor has filed a lawsuit in the District Court of the Northern District of Georgia alleging that Nationstar Mortgage LLC—the servicer of the HSBC loan—violated the Fair Debt Collection Practices Act, seeking a declaratory judgment that Nationstar Mortgage LLC failed to comply with Georgia foreclosure law, and seeking a temporary restraining order and preliminary injunction against further attempts to foreclose on his property until the holder of the claim fully complied with such laws.[1] In September 2016, however, the case was dismissed for failure to state a claim; the case has been appealed to the Eleventh Circuit Court of Appeals. Additionally, Debtor believes he does not owe anything on the Bank of America Claim because he has received account statements for the past two years indicating that his monthly payments have been reduced to $0 and that the account balance is $0. Given the size of each of the disputed claims, the debt limits in section 109(e) are satisfied only if both the HSBC Claim and the Bank of America Claim are excluded from the calculation.

Whether a debt is "disputed" is not among the criteria included in section 109(e) and does not exclude a debt from the calculation of debts for eligibility purposes. See U.S. v. Verdunn, 89 F.3d 799, 802 n.9 (11th Cir. 1996); see also In re Jordan, 166 B.R. 201, 202 (Bankr. D. Me. 1994) ("[T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt does not automatically render the debt either contingent or unliquidated."). Courts have nonetheless struggled with how to view a disputed debt in the context of an eligibility determination, concerned that parties could manufacture a dispute to abuse the calculation under section 109(e)—while a debtor should not be able to

---

[1] Kurtzman v. Nationstar Mortgage et al., Case No. 16-cv-1371-RWS.

simply deem a certain debt "disputed" in order to remove it from the eligibility calculation, neither should a creditor be able to file meritless claims to block a debtor's eligibility. See In re Robinson, 535 B.R. at 449. As a result, courts have looked to whether the debt is disputed in good faith. Id.

At the hearing, the Court heard Debtor's testimony. Debtor did not dispute that he borrowed the funds in the loan attributed to HSBC, and further acknowledged that he had not repaid the loan balance as of the petition date. Debtor also acknowledged he borrowed the credit line that is the basis of the Bank of America Claim, and that while he had made payments for a number of years he did not repay the loan in full. Debtor stated that after losing his job, he informed Bank of America of his financial hardship and shortly thereafter his statements began reflecting a $0 balance.

The Court also reviewed the complaint and final order entered in Debtor's District Court case. The District Court case is focused on whether the HSBC debt has been properly assigned, determining which entity is the true owner of the HSBC debt and determining if HSBC properly complied with Georgia foreclosure law. None of these issues will impact whether Debtor owes a debt, just to whom it should be paid. Therefore, even if Debtor's appeal is successful and the Eleventh Circuit reverses the District Court in this matter, that reversal would not eliminate Debtor's liability on the HSBC note.

The Court finds the HSBC debt is not disputed in good faith and the Debtor's secured debt exceeds the statutory limit in section 109(e), making him ineligible for relief under Chapter 13. The Court need not address Debtor's liability on the Bank of America Claim; even if the Bank of America Claim was disallowed, Debtor's secured debt would still exceed the limit provided in section 109(e).

**ORDERED** that the Trustee's objection to Debtor's eligibility is **SUSTAINED**. Debtor is ineligible for relief under Chapter 13. Debtor shall have 10 days from entry of this order to file a motion convert the case to one under Chapter 11. If a motion is not timely filed, the Trustee shall file a report requesting the case be dismissed.

The Clerk is directed to serve a copy of this Order on the Debtor, counsel for the Debtor, the Chapter 13 Trustee, all creditors, and other parties in interest.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Zvi Kurtzman
419 Oakmont Pl NW
Sandy Springs, GA 30327

John Gerard Brookhuis
Brookhuis Law, LLC
PO Box 17919
Atlanta, GA 30316

Nancy J. Whaley, Chapter 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303